UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE P. RUMBOUGH
    Plaintiff

CASE NO.

-v-

MIDFIRST BANK,
an unknown entity;
MIDLAND MORTGAGE CO.,
an unknown entity;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a Delaware corporation;
KASS, SHULER, SOLOMON, SPECTOR, FOYLE & SINGER, P.A.,
a Florida corporation;
RICHARD S. MCIVER,
a natural person.
    Defendants

6-07-CV-1352-ORL-22DAB

## COMPLAINT

Plaintiff, Lawrence P. Rumbough, hereby sues Defendants, MidFirst Bank, an unknown entity; Midland Mortgage Co., an unknown entity; Mortgage Electronic Registration Systems, Inc., a Delaware corporation; Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., a Florida corporation; and Richard S. McIver and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 *et seq.*; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for declaratory and injunctive relief.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1681(p); 15 U.S.C. §1692; and 28 U.S.C. §1331. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, MIDFIRST BANK ("Midfirst"), is an unknown entity, not authorized to do business in Florida. Defendant MIDLAND MORTGAGE CO. ("Midland"), is an unknown entity, not authorized to do business in Florida. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware corporation, authorized to do business in Florida. KASS, SHULER, SOLOMON, SPECTOR, FOYLE & SINGER, P.A. ("Kass") is a Florida corporation, authorized to do business in Florida. RICHARD S. MCIVER ("McIver") is a natural person.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. On November 2, 1999 Plaintiff obtained a mortgage from Chase Manhattan Mortgage Co.

9. On August 7, 2002 Defendant MERS, claiming to own and hold the note and the mortgage, filed a foreclosure lawsuit against Plaintiff.

10. On September 16, 2002 Defendant Midland contacted Plaintiff by mail claiming that it was the new servicer for the mortgage.

11. Within 30 days of that contact, Plaintiff mailed Defendant Midland a letter demanding validation of the alleged debt.

12. Defendant Midland failed to provide validation of the alleged debt to Plaintiff in response to his timely written request for such written validation and has continuously refused to do so ever since.

13. On October 22, 2002, Defendant MERS obtained a default judgment against Plaintiff despite the fact that Plaintiff had timely and properly answered the complaint, there were facts in dispute, Defendant MERS had presented no admissible evidence whatsoever to support its claim, and Plaintiff but not Defendant MERS had appeared at the hearing that resulted in that decision.

14. It has since come to light that Defendant MERS, or at least attorneys pretending to represent them, have routinely filed foreclosure lawsuits that are based on fraudulent pleadings, false affidavits, and perjury.

15. Plaintiff, with the assistance of his attorneys and investigators, has for several years attempted to uncover these and other crimes and misdeeds, particularly as it relates to his case.

16. On June 16, 2006 Defendant MERS's Motion to Substitute Party Plaintiff was granted, and Midland became the Plaintiff in that case, despite having presented no evidence or

testimony whatsoever that Defendant Midland had any basis for doing so and despite Plaintiff's introduction of evidence and testimony that this action was purely a fraud upon the Court in an attempt to cover up the crimes and misdeeds of Defendants MERS, Midland, their attorneys, and other co-conspirators.

17. On October 16, 2006 and June 5, 2007 Plaintiff was forced to declare bankruptcy in order to prevent illegal foreclosure sales from taking place. The actions of the Defendants were the sole cause for this drastic and unwanted measure, causing Plaintiff tremendous financial hardship and emotional distress.

18. On May 17, 2007, Plaintiff sent a letter entitled "RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER AND TILA REQUEST" (RESPA letter) by certified mail to Defendants MidFirst, Midland, and MERS. The letter demanded certain documents and the answer to more than 200 questions regarding the servicing of Plaintiff's mortgage.

19. Defendants MidFirst and MERS have not responded at all to the RESPA letter. On May 30, 2007, Defendant Midland responded on behalf of itself and claimed to respond on behalf of the other two Defendants without providing any documentation of this alleged authority or any legal justification for doing so.

20. Defendant Midland's response said, in effect, that none of the Defendants would provide any documents or answer any questions whatsoever about the mortgage in question because all issues were res judicata. The response did not indicate that any of the information was unavailable.

21. Despite RESPA making no provision whatsoever for the above claim, it is also laughably false. The foreclosure suit is ongoing, and Plaintiff has filed in that case a Motion to Vacate Order to Substitute Parties due to fraud. The case is on appeal with the 5th District Court of Florida. The issue is before the bankruptcy court. The issue is now before this Federal Court. It is soon to be against the Defendants and their fellow co-conspirators in a Civil RICO action. And the actions of the Defendants and their co-conspirators either are or will be under criminal investigation.

22. Defendants' absolute refusal to provide any documents or answer any questions whatsoever about the mortgage as required by RESPA is prima facie evidence that they have deliberately engaged in a pattern of practice of noncompliance. This is particularly true when coupled with their almost fanatical attempts not to provide any meaningful discovery for years during the foreclosure lawsuit. This entitles Plaintiff to an award of $1,000 per violation. There are over 200 such violations for each of Defendants MidFirst, Midland, and MERS.

23. In an Amended Proof of Claim dated January 24, 2007 filed with the Bankruptcy Court but not sent to Plaintiff, Defendant Richard S. McIver signed under penalty of perjury that Midland Mortgage Co. was the "Servicing agent for MidFirst Bank." This Amended Proof of Claim is for a total of $56,417.53. Defendant MidFirst has never been before any Court regarding this matter in even the fraudulent capacity that Defendants Midland and MERS have.

Plaintiff has never been notified that Defendant MidFirst purchased the mortgage. Defendant MidFirst has never communicated with Plaintiff in any way. Either Defendant McIver's client provided false information to him intending that he perpetrate a fraud upon the Bankruptcy Court or Defendant McIver committed perjury. There is no other viable explanation for McIver's obviously false assertion under oath.

24. On April 27, 2007 Defendants McIver and Kass initially contacted Plaintiff by mail in an attempt to collect the alleged debt.

25. On May 17, 2007 Plaintiff sent Defendants McIver and Kass a letter demanding the name and address of the original creditor, the name and address of current creditor, and complete validation of the amount of the alleged debt as required by the Fair Debt Collection Practices Act (FDCPA).

26. Instead of complying with the FDCPA, Defendants McIver and Kass sent a letter to Plaintiff falsely claiming that Midland Mortgage Co. was the creditor and refusing to provide the amount of the alleged debt. This contradicts McIver's own sworn statement in the Amended Proof of Claim that Midland Mortgage Co. was merely the "Servicing agent for MidFirst Bank." The FDCPA makes no provision allowing a debt collector to lie about the identity of alleged creditor.

27. The FDCPA absolutely prohibits any collection activity between the time that an alleged debtor demands validation and the time that the debt collector properly validates the alleged debt. Defendants Midland, Kass, and McIver have violated FDCPA numerous times to date and clearly intend to continue doing so unless they are stopped by a Court order.

28. Defendant McIver filed an ex parte Motion to Reschedule Foreclosure Sale on July 31, 2007. Although claiming to have served the Plaintiff and several other individuals, Plaintiff did not receive this motion from Defendant McIver. Apparently a secret ex parte hearing occurred without Plaintiff's knowledge, at which the Court ordered a foreclosure sale to be scheduled for September 18, 2007.

29. Defendants have adamantly refused to provide the identity of the actual creditor and have adamantly refused to provide an accurate accounting of Plaintiff's mortgage. Without this information it is impossible for Plaintiff to determine who to pay and what amount to pay. Defendants have repeatedly added unjustified charges to the amount claimed owed by Plaintiff, including attorney's fees in excess of what the state Court has ordered.

30. Plaintiff has for several years disputed with the credit reporting agencies Equifax, Experian, and Transunion false information that Defendant Midland has reported to them. Despite these disputes, Defendant Midland has willfully persisted in reporting false information and has not always reported that the account was in dispute.

31. Plaintiff intends to file criminal charges against certain Defendants and some of their co-conspirators in the hope that they will receive the appropriate penalties for their alleged crimes. Plaintiff also intends to file Florida Bar complaints against Defendant McIver and his

other attorney conspirators seeking their disbarment and/or other appropriate penalties for their alleged crimes and unethical behavior.

32. Defendants and their co-conspirators have proven themselves to be proficient and effective liars and con artists. They do not seem to hesitate in committing perjury, filing fraudulent pleadings, and creating false affidavits. These alleged crimes will be further exposed in the discovery process.

33. Plaintiff, his attorneys, and his investigators are continuing to amass evidence of Defendants' torts, frauds, and criminal behavior. Plaintiff requests leave to amend his complaint as these facts come to light.

## COUNT I
## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY DEFENDANTS MIDFIRST, MIDLAND, AND MERS

34. Paragraphs 1 through 33 are realleged as though fully set forth herein.

35. Defendants MidFirst, Midland, and MERS are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

36. Plaintiff's written requests for information about his account and correction of Defendants MidFirst's, Midland's, and MERS' numerous errors were "qualified written requests" within the meaning of RESPA.

37. Defendants MidFirst, Midland, and MERS deliberately failed to respond in a proper and timely way to Plaintiff's "qualified written requests" for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiff demands judgment against Defendants MidFirst, Midland, and MERS for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS MIDLAND, KASS, AND MCIVER

38. Paragraphs 1 through 33 are realleged as though fully set forth herein.

39. Defendants Midland, Kass, and McIver are debt collectors within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692(a).

40. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. §1692(k).

WHEREFORE, Plaintiff demands judgment for damages against Defendants Midland, Kass, and McIver for actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692(k).

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT MIDLAND

41. Paragraphs 1 through 33 are realleged as though fully set forth herein.

42. Defendant Midland is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681(s).

43. Plaintiff has for several years disputed incorrect information that Defendant Midland has reported to the three credit reporting agencies, Equifax, Experian, and Trans Union.

44. Despite dozens of such disputes and being embroiled in a foreclosure lawsuit, Defendant Midland has failed to investigate Plaintiff's disputes and has numerous times refused to indicate that the account was in dispute.

45. Plaintiff contends that the Defendant Midland has violated the FCRA by repeatedly and willfully issuing false consumer credit reports concerning the plaintiff Larry Rumbough, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Midland for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681(n).

## COUNT IV
## DECLARATORY RELIEF SOUGHT

46. Declaratory relief is provided by 28 U.S.C. §2201 and 28 U.S.C. §2202

Wherefore, Plaintiff demands that the Court issue a declaratory judgment that Defendants MidFirst, Midland, and MERS have violated the RESPA; that Defendants Midland, Kass, and McIver have violated the FDCPA; and that Defendant Midland has violated the FCRA.

## COUNT V
## INJUNCTIVE RELIEF SOUGHT

47. Injunctive relief is provided by 15 U.S.C §1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants Midland, Kass, and McIver and any of their co-conspirators to refrain from attempting to collect on any alleged debt, including scheduling or conducting a foreclosure sale on the property, until they have properly and honestly met the requirements of the FDCPA; and Plaintiff demands that the Court, mandatorily, enjoin Defendant Midland to permanently delete any derogatory information on Plaintiff's credit reports that are inaccurate, misleading, and/or unverifiable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 27, 2007

Respectfully submitted,

*/s/ Lawrence P. Rumbough/*

Lawrence P. Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859