# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAWRENCE RUMBOUGH,**

       **Plaintiff,**

**-vs-**                                                                                Case No. 6:07-cv-1352-Orl-22DAB

**MIDFIRST BANK; MIDLAND MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; KASS, SHULER, SOLOMON, SPECTOR, FOYLE & SINGER, P.A.; and RICHARD S. McIVER,**

       **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER (Doc. No. 64)**
>
> **FILED:**    October 8, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** to the extent it seeks a stay of discovery, **granted,** to the extent it seeks a protective order with respect to the location of the deposition, and **denied** in all other respects. If the parties cannot otherwise agree on the location of the deposition, pursuant to Local Rule 3.04, Plaintiff may depose non-resident Defendant in Orlando during the week prior to trial. Should Plaintiff wish to depose Defendant earlier, it must do so at the corporation's principal place of business.

> **MOTION:** **MOTION FOR PROTECTIVE ORDER (REQUEST FOR PRODUCTION OF DOCUMENTS) (Doc. No. 65)**
>
> **FILED:** October 9, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.  To the extent Defendant objects on grounds that portions of the Requests are overbroad, Rule 34, Fed. R. Civ. P. provides that the party may raise an objection to that part of a request, but must permit inspection of the rest.

> **MOTION:** **MOTION FOR PROTECTIVE ORDER AND MOTION FOR SANCTIONS (Interrogatories) (Doc. No. 66)**
>
> **FILED:** October 9, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.  To the extent Midland "does not even know the identity of some of the entities listed....nor is it aware of what knowledge they may have," it can answer the Interrogatories by saying just that.  Defendant is under a duty to answer only to the best of its own knowledge, not that of third parties.  To the extent Defendant finds the Interrogatories to be overbroad, "the responding party, although objecting, must answer the interrogatory" to the extent it can.  *See A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida,* p.17.

> **MOTION:** **MOTION FOR PROTECTIVE ORDER (Doc. No. 67)**
>
> **FILED:** October 17, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.  There is no right to condition one's appearance at a deposition on the production of discovery from another party.  As for the location of the depositions, if the parties cannot otherwise agree, the Local Rule will control and all non-resident Defendants may be deposed in Orlando during the week before trail, or earlier at their principal places of business.

With respect to all of the foregoing, the Court cautions *all* parties and their counsel that it expects *everyone* to adhere to their obligations to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." L.R. 2.04(h).  To the extent discovery has been requested, the parties may object to the extent necessary, but any such objection does not relieve the party of the obligation to respond with whatever non-objectionable materials or responses are fairly included in the request.  To the extent Plaintiff has designated over a hundred topics for one corporate deposition, he is nonetheless limited to one seven hour deposition.  *See* Doc. No. 38.  All parties are likewise limited to a discovery period that is set to expire shortly.  The inherent limitations on discovery make it imperative that the parties quit posturing and start cooperating, as required by federal and local rules and the Orders of this Court.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record