**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAWRENCE RUMBOUGH,**

    **Plaintiff,**

-vs-                 Case No. 6:07-cv-1352-Orl-22DAB

**MIDFIRST BANK; MIDLAND MORTGAGE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; KASS, SHULER, SOLOMON, SPECTOR, FOYLE & SINGER, P.A.; and RICHARD S. McIVER,**

    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO EXTEND DISCOVERY DEADLINES (Doc. No. 74)**
>
> **FILED:** December 15, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**, except to the extent out of state Defendants may be deposed, as set forth in the prior Order. *See* Doc. No. 72.

Plaintiff moves for an additional 45 days for discovery, on the grounds that, among other things, depositions previously noticed "were stayed by motions for protective orders" and a motion for stay pending a decision on a summary judgment motion. Plaintiff is incorrect. Motions for protective order or stay are *not* self-executing and do not serve to extend the discovery period. *See Case Management and Scheduling Order,* Doc. No. 38 at paragraph 2. Further, the Court denied the

motions in October, expressly noting that "All parties are likewise limited to a discovery period that is set to expire shortly," and urging counsel and the litigants to cooperate, as required, in order to ready the case within the "inherent limitations on discovery." (Doc. No. 72).  Nothing in the instant motion constitute good cause for ignoring that advice.[1]

To the extent the parties have agreed on deposition dates for the parties, those depositions may go forward however **no other discovery shall be permitted** and this extension in no way relieves the parties of other obligations and deadlines set forth in the Scheduling Order.  Further, this shall not be the basis for seeking relief from that Order and this extension assumes that there will be no disputes regarding discovery within this extended period, as the Court will not entertain any motions pertaining to such disputes.  In particular, the parties are reminded that the deadline for filing of dispositive motions is **NOT** extended.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] The Court takes particular issue with Plaintiff's statement that: "We will try to resolve the defendants' discovery but may at some point may [sic] have to move to compel."(Doc. No. 74 at 2).  The time for filing motions to compel expired with the expiration of the discovery deadline.  Doc. No. 38.